IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM INGRAM**<br>and<br>**NIKIA-SCOTT INGRAM**<br>　　　　Plaintiff<br><br>vs.<br><br>**MAJESTIC ELEGANCE COSTA MUJERES**<br>**PALMILLA, N.V.**<br>**CARDENA MAR, S.L.**<br>**THE BATLE GROUP**<br>**MAJESTIC RESORTS**<br>**EPSILON INVERSIONES, B.V.**<br>**ALSTERAN S.A. de C.V.**<br>and<br>**JOHN DOES 1-20**<br>　　　　Defendants | Civil Action No.:_____<br><br>**CVIL COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiffs, William Ingram and Nikia Scott Ingram, by and through their attorney, Jason Javie, hereby allege and aver as follows:

1. The Plaintiffs in this action seek monetary compensation from the Defendants in connection with an injury that occurred July 19, 2021 at Majestic Elegance Costa Mujeres, an all inclusive resort located in Mexico.

1. Plaintiff William Ingram is an adult individual who resides in the City of Philadelphia which is wholly within the Eastern District of Pennsylvania.

2. Plaintiff Nakia Scott Ingram is an adult individual who resides in the City of Philadelphia which is wholly within the Eastern District of Pennsylvania.

3. Plaintiff William Ingram and Plaintiff Nakia Scott Ingram are married.

4. Defendant Majestic Elegance Costa Mujeres is a business organization located at

1

Playa Mujeres, Carretera Libre 85 Punta Sam, Isla Blanca 85, Supermanzana 6 Manzana 2, 77400 Costa Mujeres, Q.R., Mexico.

5. Alternatively, Majestic Elegance Costa Mujeres is the trade name publicly and commercially used by the business organization that owns, operates, manages and maintains the resort located at Playa Mujeres, Carretera Libre 85 Punta Sam, Isla Blanca 85, Supermanzana 6 Manzana 2, 77400 Costa Mujeres, Q.R., Mexico.

6. Defendant Palmilla NV is a company incorporated in a business address of Schottegatweg Oost 29E Curacao - Nederlandse Antillen.

7. Defendant, Cardena Mar S.L. is a Spanish corporation registered at Gran Vía Asima, 1, Palma de Mallorca.

8. Defendant Batle Group is a company with a business address at Gran Vía Asima, 1, Palma de Mallorca.

9. Defendant Majestic Resorts is a business organization with a business address at Gran Via Asima, 1, Palma De Mallorca.

10. Defendant Epsilon Inversiones, B.V, is a business organization headquartered at Herikerbergweg 238, Luna Arena, 1101 CM Amsterdam, the Netherlands.

11. Defendant Alsteran S.A. de C.V. is a business organization with a corporate address at Avenida la Luna, Manzana 1 number 1602, SM 43, Cancún, Municipio Benito Juarez, Estado Quintana Roo, México.

12. Defendants John Does 1-10, are unknown individual(s), corporation(s), company(s), partnership(s), proprietorship(s) or other business organizations that own, operate, manage, maintain, or secure the real property known as the Majestic Elegance Costa Mujeres ("Majestic Elegance Resort") located at or about Playa Mujeres, Carretera Libre 85 Punta Sam,

Isla Blanca 85, Supermanzana 6 Manzana 2, 77400 Costa Mujeres, Q.R., Mexico.

13. Defendants John Doe 11-20 are unknown individual(s), corporations(s), company(s), partnership(s), proprietorship(s), or other business organizations that designed, manufactured, maintained or sold certain wicker chairs used in the Majestic Elegance Resort and specifically the chair which caused Mr. Ingram's injuries.

14. Notwithstanding a diligent search effort, these unknown defendants have yet to be identified by name but will be added once their identity has been ascertained.

15. At all relevant times, Defendants Majestic Elegance Costa Mujeres, Palmilla NV, Cardena Mar S.L., the Batle Group, Majestic Resorts, Epsilon Inversiones, B.V., Alsteran S.A. de C.V. and John Does 1-10 ("Majestic Elegance Defendants") owned, operated, managed, maintained and secured the resort known as "The Magestic Elegance Costa Mujeres" Resort located at or about Playa Mujeres, Carretera Libre 85 Punta Sam, Isla Blanca 85, Supermanzana 6 Manzana 2, 77400 Costa Mujeres, Q.R., Mexico.

16. At all relevant times, the Majestic Elegance Defendants were responsible for management and upkeep of the resort known as "The Magestic Elegance Costa Mujeres" located at or about Playa Mujeres, Carretera Libre 85 Punta Sam, Isla Blanca 85, Supermanzana 6 Manzana 2, 77400 Costa Mujeres, Q.R., Mexico.

17. At all relevant times, all defendants referenced in this case were acting individually and/or through their agents, employees, workmen, servants and/or other individuals or organizations with actual or apparent authority to act on their behalf.

## JURISDICTION AND VENUE

18. Plaintiffs reincorporate all preceding paragraphs.

19. This action seeks compensatory damages in excess of $75,000 from the named defendants.

20. Both Plaintiffs are residents of and domiciled in the Commonwealth of Pennsylvania.

21. The Defendants are either incorporated elsewhere in the United States or abroad.

22. Accordingly, this Court has jurisdiction by virtue of 28 U.S.C. § 1332 (relating to federal diversity jurisdiction).

23. At all relevant times, the Majestic Elegance Costa Mujeres defendants relied upon and actively sought out the business of U.S.-based customers located in the Eastern District of Pennsylvania and elsewhere.

24. At all relevant times, the Majestic Elegance Costa Mujeres defendants actively solicited, either individually or through third parties, business from U.S-based customers located in the Eastern District of Pennsylvania and elsewhere.

25. At all relevant times, the Majestic Elegance Costa Mujeres defendants contracted with U.S.-based companies, including but not limited to Priceline.com and Empress Travel, for the purpose of soliciting and obtaining U.S.-based customers located in the Eastern District of Pennsylvania and elsewhere.

26. At all relevant times, the Majestic Elegance Costa Mujeres defendants actively maintained a U.S.-based website and toll free number in order to solicit and accept reservations from U.S.-based customers located in the Eastern District of Pennsylvania and elsewhere.

27. At all relevant times, the Majestic Elegance Costa Mujeres defendants actively contracted with U.S.-based travel agents to sell vacation packages and hotel stays to U.S.-based customers located in the Eastern District of Pennsylvania and elsewhere.

28. At all relevant times, the Majestic Elegance Costa Mujeres defendants engaged in substantial, ongoing, intentional and/or meaningful contacts with the United States of America and the Eastern District of Pennsylvania.

29. The Majestic Elegance Defendants entered into a contract with the Plaintiffs while the Plaintiffs were located in the Eastern District of Pennsylvania.

30. Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) insofar as certain events or omissions giving rise to this claim occurred in the Eastern District of Pennsylvania and the defendants are otherwise subject to jurisdiction in this Court.

## FACTUAL BACKGROUND

31. Plaintiff reincorporates all preceding paragraphs.

32. Sometime prior to July 19, 2021, Plaintiffs purchased a vacation package from a travel agent in the Eastern District of Pennsylvania that included a stay at the Majestic Elegance Costa Mujeres from Empress Travel, a travel agency working on behalf and at the behest of the Majestic Elegance Defendants.

33. On July 19, 2021, Plaintiffs were business invitees at the Majestic Elegance Costa Mujeres.

34. While on the premises, Plaintiff William Ingram sat on a wicker chair in one of the resort's restaurants.

35. While Plaintiff William Ingram sat on the chair, the chair broke under his weight, causing him to fall and hit the ground.

36. As a result of this fall, Mr. Ingram sustained serious injuries including fractures to

his arm and his back, all of which caused him a great deal of pain, suffering, discomfort and agony.

37.  As a result of this fall and the injuries her husband received, Ms. Ingram suffered a loss of consortium described more fully below.

## COUNT 1: NEGLIGENCE

### *WILLIAM INGRAM vs. MAJESTIC ELEGANCE COSTA MUJERES, PALMILLA, N.V., CARDENA MAR, S.L., THE BATLE GROUP, MAJESTIC RESORTS, EPSILON INVERSIONES, B.V., ALSTERAN S.A. de C.V. and JOHN DOES 1-10*

38.  The Plaintiff reincorporates all preceding paragraphs.

39.  The accident and all resultant injuries were the result of the careless, negligent, unrighteous, wanton manner in which Defendants Majestic Elegance Costa Mujeres, Palmilla, N.V., Cardena Mar, S.L, the Batle Group, Majestic Resorts, Epsilon Inversiones, B.V., Alsteran S.A. de C.V. and John Does 1-10 ( managed and maintained their premises, namely and operated the Majestic Elegance Costa Mujeres resort, including:

   a. failing to properly inspect, discover and remedy the defective condition which existed on, of and about the premises, which the Defendant knew or reasonably should have known existed prior to the time of Plaintiff's fall;

   b. failing to warn members of the general public of the dangerous conditions which existed;

   c. allowing a dangerous and hazardous condition to exist on, of and/or about the subject premises;

   d. failing to provide chairs that could withstand the weight of all invitees;

   e. failing to ensure that all chairs were equipped with materials or accessories necessary to their safe use;

   f. failing to warn invitees of the weight limitation of the chairs located in its restaurants;

   g. failing to inspect, maintain, fix, and/or repair chairs in its restaurants;

      h. using chairs that were inappropriate for the floor type at use in the restaurant;

      i. using defective chairs in its restaurants.

40. The accident at issue and the injuries sustained by Plaintiff William Ingram were the direct and proximate result of the Defendants' negligence.

41. As a further result of the Defendant's negligence, Mr. Ingram sustained or was caused to incur loss of wages, medical expenses, pain, suffering, loss of life's pleasures and other monetary and non-monetary damages.

42. It is averred that Mr. Ingram's injuries are permanent.

43. It is averred that Mr. Ingram will incur medical expenses in the future and may owe restitution in the form of unpaid medical bills and/or a lien.

**WHEREFORE**, Plaintiff William Ingram seeks judgment in his favor for compensatory damages, as well as such other and further relief as the court deems just and proper.

## **COUNT 2: STRICT PRODUCTS LIABILITY**
### *WILLIAM INGRAM vs. JOHN DOES 11-20*

44. Plaintiffs reincorporate all preceding paragraphs.

45. Defendants John Does 11-20 designed, manufactured, assembled, and/or sold the chair that caused Mr. Ingram's injuries.

46. Defendants John Does-11-20 delivered the chair in question in a defective condition unreasonably dangerous to users or consumers because it was unable to withstand the weight of the intended users, i.e. Plaintiff Ingram.

47. Such ability to withstand weight was necessary and essential to the safe use of the chair and insofar as it could not withstand said weight the chair was unreasonably dangerous to

consumers.

48. At the time of the sale, Defendants were in the business of designing, manufacturing, assembling, selling, renting and/or leasing such chairs.

49. The failure to design and manufacture the chairs in a manner consistent with the chair's purpose rendered the chair unreasonably dangerous.

50. Specifically, the chair was unfit to allow for all intended users to use the chair as it was intended and as said users would understand the chair should be used.

51. Alternatively, Defendants John Does 11-20 failed to advise or warn end users of the weight limitations and/or the unfit nature of the chair.

52. Defendants John Does 11-20 knew, expected and intended that these products would reach users without substantial change in condition.

53. The product in question did in fact reach the end user, viz., Plaintiff, without a substantial change in condition.

54. An alternative safer design was feasible.

55. An alternative safer design was not unduly expensive.

56. At all relevant times, Defendants John Does 11-20 knew that the weight limitation would render the chair unreasonably dangerous to end users both because of the limitation itself and because they failed to warn end users and others of the limitation.

57. At all relevant times, reducing or eliminating the risk of injury was feasible, not cost-prohibitive and would not have compromised the utility of the product in any way.

58. While using the product in its defective condition, Plaintiff William Ingram was caused to fall and sustain serious and permanent injuries noted above and that will be set forth in medical records and/or through medical experts to be identified and passed during discovery, inter

alia. injuries to his arm and back.

59. The design defect was the factual and legal cause of the injury.

60. Plaintiff underwent surgical intervention to correct the injury.

61. The plaintiff has been compelled, and may in the future be compelled to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries and suffering, all to his further loss and detriment.

62. Further, plaintiff has in the past, is presently, and will in the future, suffer from pain and suffering as a result of which he has not and will be unable to attend to his usual duties, all to his further loss and detriment.

63. Further, plaintiff has in the past, is presently, and will suffer losses of life's pleasures.

64. The plaintiff may owe unpaid medical bills and liens as a result of the medical treatment that he incurred as a result of the injury.

**WHEREFORE**, Plaintiff William Ingram seeks judgment in his favor for compensatory damages, as well as such other and further relief as the court deems just and proper.

## COUNT 3: LOSS OF CONSORTIUM
### *NAKIA SCOTT INGRAM  vs. ALL DEFENDANTS*

65. Plaintiffs reincorporate all preceding paragraphs.

66. Plaintiff Nakia Scott Ingram is Plaintiff William Ingram's wife.

67. As a result of the injuries caused by the defendants and sustained by William Ingram, Nakia Scott Ingram has been deprived of the society and assistance of her spouse, all to her great detriment and loss.

**WHEREFORE**, Plaintiff Nakia Scott Ingram demands judgment in his favor for

compensatory damages, as well as such other and further relief as the court deems just and proper.

          Respectfully submitted,
          **FRIEDMAN & LEVIN ASSOCIATES**

          */s/ Jason Javie*
          JASON JAVIE
          Attorneys for Plaintiff
          Two Penn Center
          Suite 900
          1500 John F. Kennedy Boulevard
          Philadelphia, Pennsylvania  19102
          (215) 567-7642
          (215) 567-9145 (fax)
          *jason.javie@crllaw.com*

Date: July 19, 2022